UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FARD ABDUR RAHMAN DICKERSON (#602702)　　　CIVIL ACTION NO.

VERSUS　　　22-441-SDD-EWD

EDWARD DUSTIN BICKHAM

**ORDER**

  Before the Court is the Complaint, as amended, of Plaintiff Fard Abdur Rahman Dickerson ("Dickerson"), who is representing himself and who is confined at the Dixon Correctional Institute ("DCI") in Jackson, Louisiana.[1] Dickerson complains of three distinct alleged constitutional violations: (1) that he is being illegally detained; (2) that defendants have been deliberately indifferent to his serious medical need due to injuries allegedly sustained when Dickerson was hit in the head with a ceiling fan blade; and (3) a conditions of confinement claim, as well as a deliberate indifference to a serious medical need claim arising from COVID exposure.[2]

  Rule 18 of the Federal Rules of Civil Procedure is a broad joinder rule that allows a party to "join as many claims as it has against an opposing party." However, the official commentary of Rule 18 emphasizes that amended Rule 18(a) "deals only with pleading," and "a claim properly joined as a matter of pleading need not be proceeded with together with the other claim if fairness or convenience justifies separate treatment."[3] Rule 20 permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and "any

---

[1] R. Docs. 1 & 3

[2] R. Docs. 1 & 3. In Dickerson's relief section of his complaint, he states "LONG-TERM COVID-19 infections-violations," but does not elaborate. R. Doc. 3, p. 4. However, in R. Doc. 9, Dickerson elaborates that he has long COVID, and it appears that he intended to bring a claim regarding his exposure to, and subsequent treatment for, COVID.

[3] Fed. R. Civ. P. 18: Notes of Advisory Committee of Rule—1966 Amendment.

question of law or fact common to all defendants will arise in the action." On the other hand, if the claims arise out of the different events and do not involve all defendants, joinder should not be allowed under Rules 18(a) and 20.[4] Put another way, in a case naming multiple defendants, if claim one is against five defendants and claim two is against only one of those defendants, joinder should not be allowed, unless all claims arose out of the same transaction and present common questions; if the claims arise from different events and do not involve all defendants, joinder should not be allowed.[5]

Further, severing unrelated claims brought by a prisoner is often warranted even if some claims involve related defendants because allowing several unrelated claims to proceed in one action would frustrate the purposes of the Prison Litigation Reform Act ("PLRA").[6] Indeed, the Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision.[7]

In this action, Dickerson alleges that Edward Dustin Bickham ("Bickham"), the Warden at DCI, is illegally incarcerating Dickerson.[8] Dickerson also complains that, while at DCI, he was sitting in his bunk and was hit in the head with a ceiling fan blade; since that incident, he has seen dark spots, and his neck hurts.[9] It appears Dickerson is alleging that his injuries have not been properly treated, as he states "Need a MRI for Head Injury."[10] Finally, he makes allegations

---

[4] *Shafer v. Davis*, No. 2:20-CV-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[5] 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[6] *See Spurlock v. Jones*, No. 16-01031, 2016 WL 7443644, at *1 (W.D. La. Dec. 22, 2016), *judgment entered*, 2016 WL 7447843 (W.D. La. Dec. 22, 2016), and *aff'd*, 709 Fed.Appx. 293 (5th Cir. 2018) (ensuring that unrelated claims against different defendants are brought in separate actions safeguards the required fees in the PLRA and ensures that inmates are given the appropriate strikes under 28 U.S.C. § 1915(g)).
[7] *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) ("We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions.").
[8] R. Doc. 3, p. 3. Dickerson had previously also brought claims against Robin D. Pittman. Those claims were dismissed by the Eastern District of Louisiana, and the claims against Bickham were severed and transferred to this Court. R. Docs. 1, 3, 6, & 7.
[9] R. Doc. 3, p. 3.
[10] R. Doc. 3, p. 3.

regarding COVID exposure and treatment.[11] Dickerson's deliberate indifference to a serious medical need claims arising from his allegations about injuries related to being struck by a ceiling fan and regarding COVID are wholly separate from each other and from his illegal incarceration claim. Because Dickerson's remaining claims are improperly cumulated, they should be severed from this action. Dickerson's claim against Bickham for allegedly improper incarceration will be maintained in this case. Accordingly,

**IT IS ORDERED** that Dickerson's claims against Bickham for deliberate indifference to a serious medical need arising from injuries sustained when Dickerson was hit in the head with a ceiling fan blade are **SEVERED** from this action, and the Clerk of Court shall open a new action for these severed claims in the next available docket number and file the Complaint, Amended Complaint, Report and Recommendation and Order from the Eastern District of Louisiana, and a copy of this Order in the newly opened case.[12]

**IT IS FURTHER ORDERED** that Dickerson's claims against Bickham arising from exposure to, and treatment of, COVID-19 are **SEVERED** from this action, and the Clerk of Court shall open a new action for these severed claims in the next available docket number, after the action above, and file the Complaint, Amended Complaint, Report and Recommendation and Order from the Eastern District of Louisiana, and a copy of this Order in the newly opened case.[13]

**IT IS FURTHER ORDERED** that Dickerson must either pay the filing fee or file an application to proceed *in forma pauperis* in each newly opened case.

Signed in Baton Rouge, Louisiana, on February 21, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] R. Doc. 3, p. 4.
[12] R. Docs. 1, 3, 6, & 7.
[13] R. Docs. 1, 3, 6, & 7.